The Honorable John C. Coughenour
The Honorable Richard A. Jones
The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>LAURA RODRIGUEZ-MORENO, et al.,<br><br>                              Defendants. | NO.    CR20-136JCC<br><br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION |
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>GONZALO VILLASENOR, et al.,<br><br>                              Defendants. | NO.    CR20-137RAJ<br><br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION |
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JESUS DANIEL LERMA-JARAS, et al.,<br><br>                              Defendants. | NO.    MJ20-560<br><br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION |

U.S. Memo in Support of Detention - 1
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S. v. Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

| UNITED STATES OF AMERICA, | NO.    MJ20-561 |
|---|---|
| Plaintiff, | |
| v. | UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION |
| RICARDO BARRAZA VIZCARRA, | |
| Defendant. | |

## I.    INTRODUCTION

The United States respectfully submits this memorandum in support of its detention motions in these four closely related matters. While there are two Indictments and two Complaints, all four cases stem from a single investigation. This memorandum will provide a brief overview of the investigation that led to these charges, summarize the applicable law (which is of course well known to the Court), and then address some specific issues presently known to the government that apply to individual defendants relevant to that defendant's continued detention.

## II.    BACKGROUND OF THE INVESTIGATION

The cases named above arise from a nearly two-year long investigation by the DEA and other law enforcement agencies. This investigation revealed two separate, but at times overlapping, conspiracies by the charged individuals (and others, known and unknown) to distribute methamphetamine, heroin, and fentanyl.  Investigators conducted hundreds of hours of surveillance, obtained permission to track multiple cell phones and vehicles, conducted more than a dozen controlled buys, and seized narcotics on at least ten occasions.

The investigation involved the use of the following court-authorized Title III wire intercepts:

- On October 15, 2019, the Honorable James L. Robart, United States District Judge, authorized the interception of wire and electronic communications over **TT3** and **TT4**, used by Gonzalo VILLASENOR, and **TT6**, used by Julio Cesar RAMIREZ-MENESES.

U.S. Memo in Support of Detention - 2
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- On November 22, 2019, the Honorable Ricardo S. Martinez, United States District Judge, authorized the continued interception of wire and electronic communications over **TT3** and **TT4**, used by VILLASENOR, the initial interception of wire and electronic communications over **TT17** and **TT24**[1], used by Bryan Michael POLLESTAD, and **TT22**, used by Emanuel CAMPOS-PANTOJA, and the initial interception of wire communications over **TT16**, used by Jesus Deleon.

- On November 26, 2019 the Honorable Ricardo S. Martinez, United States District Judge, authorized the interception of wire and electronic communications over **TT24**, used by POLLESTAD.

- On April 9, 2020, the Honorable Ricardo S. Martinez, United States District Judge, authorized the interception of wire and electronic communications over **TT40**, used by Laura RODRIGUEZ-MORENO.

- On May 27, 2020, the Honorable Ricardo S. Martinez, United States District Judge, authorized the interception of wire and electronic communications over **TT40**, used by RODRIGUEZ-MORENO, and **TT41**, used by Jose MORALES-FLORES.

- On June 22, 2020, the Honorable Ricardo S. Martinez, United States District Judge, authorized the continued interception over **TT40** and **TT41**, used by RODRIGUEZ-MORENO and MORALES-FLORES, and the initial interception of wire and electronic communications over **TT48**, used by MORALES-FLORES.

The wiretaps and other investigative techniques revealed the three conspiracies charged in the two indictments. While POLLESTAD is the only defendant charged in two conspiracies, the uncharged individuals, including one of the Mexican sources of supply, bridge the two indictments. In fact, it was the investigation into POLLESTAD that led to the identification of the DTO run by RODRIGUEZ-MORENO and MORALES-FLORES. During the pre-takedown portion of the investigation, investigators purchased and/or seized

---

[1] On November 26, 2019, agents obtained a revised wiretap Order from Judge Martinez to correct the area code of **TT24** from 206-970-2993 to 425-970-2993 therefore interception of 206-970-2993 did not occur.

U.S. Memo in Support of Detention - 3
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

over 15 kilograms of methamphetamine, over 2 kilograms of heroin, and more than 2,000 pills containing and/or believed to contain fentanyl.[2]

On August 26, 2020, the Grand Jury returned two indictments charging a total of 18 defendants with 40 counts, including Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Distribution of Methamphetamine, Heroin and Fentanyl, in violation of 21 U.S.C. § 841(a)(1), Possession of Methamphetamine, Heroin and Fentanyl, with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Six defendants were charged under CR20-136JCC and twelve defendants were charged under CR20-137RAJ.

On August 28, 2020, Magistrate Judge Mary Alice Theiler authorized search warrants—based on a single application—for 20 locations and 21 vehicles associated with both cases. On August 31, 2020, an additional search warrant was obtained for one residence. On September 1, 2020, a search warrant for a storage locker was obtained. Investigators executed the warrants on September 1, 2020, and found more than 17 kilograms of methamphetamine, four kilograms of heroin, smaller amounts of fentanyl and cocaine, ten firearms, and over $85,000 in cash. As mentioned above, investigators arrested ten of the defendants indicted in the *Rodriguez-Moreno* and *Villasenor* cases, along with three other individuals who were subsequently charged in two separate complaints. More specifically, investigators also arrested Jesus Daniel LERMA-JARAS and Lionel GONZALEZ-TORRES, who are charged under MJ20-560, and Ricardo BARRAZA VIZCARRA, who is charged under MJ20-561.

### III.    LEGAL STANDARDS FOR DETENTION

This Court is of course quite familiar with the legal standards governing detention or release. To summarize, the Bail Reform Act provides that a court should detain a defendant

---

[2] All drug quantities in this memorandum are estimates, and include drugs that have been tested by the DEA lab, as well as those that are still awaiting testing.

U.S. Memo in Support of Detention - 4
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   pending trial if "no condition or combination of conditions . . . will reasonably assure the

2   appearance of the person as required and the safety of any other person and the community."

3   18 U.S.C. § 3142(f). The United States typically bears the burden of showing that a defendant

4   poses a danger to the community by clear and convincing evidence, and it bears the burden of

5   showing that a defendant poses a flight risk by a preponderance of the evidence. *United States*

6   *v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

7          The Bail Reform Act identifies four factors that a court should consider in analyzing

8   detention issues: "(1) The nature and circumstances of the offense charged, including whether

9   the offense . . . involves a narcotic drug; (2) the weight of the evidence . . . ; (3) the history and

10  characteristics of the person, including . . . family ties, employment, financial resources, length

11  of residence in the community, community ties, past conduct, history relating to drug or

12  alcohol abuse, criminal history, . . . ; and . . . (4) the nature and seriousness of the danger to

13  any person or the community that would be posed by the person's release . . . ." 18 U.S.C. §

14  3142(g). Of these factors, the weight of evidence is least important, and the statute neither

15  requires nor permits pretrial determination of guilt. 18 U.S.C. § 3142(g).

16         As noted above, the government generally has the burden of proof and persuasion

17  regarding detention. However, all of the defendants in this matter are charged with one or more

18  serious Title 21 offenses. As to those charges, the Bail Reform Act expressly provides that:

19             [s]ubject to rebuttal by the person, it shall be presumed that no condition or
20             combination of conditions will reasonably assure the appearance of the person
               as required and the safety of the community if the judicial officer finds that there
21             is probable cause to believe that the person committed an offense for which a
               maximum term of imprisonment of ten years or more is prescribed in the
22             Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . . or  an offense under
               section 924(c) . . . of title 18 of the United States Code . . .
23

24  18 U.S.C. § 3142(e). The return of an indictment is sufficient to support a finding of probable

25  cause, triggering the rebuttable presumption. *United States v. Hazime*, 762 F.2d 34, 37 (6th

26  Cir. 1985); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United States v. Stricklin*,

27  932 F.2d 1353, 1354 (10th Cir. 1991).

28

U.S. Memo in Support of Detention - 5
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S. v. Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

In a case where the presumption applies, Courts have found that the *defendant* bears the burden of producing evidence that he does not pose a danger to the community or risk of flight in order to rebut the presumption. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001);. *Stricklin*, 932 F.2d at 1354. The government retains the burden of persuasion. *Mercedes*, 254 F.3d at 436.

However, even if a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear. Rather, it remains a factor to be considered among those weighed by the district court. *See Stricklin*, 932 F.2d at 1354-55; *Mercedes*, 254 F.3d at 436; *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). If the presumption were to vanish once a defendant produced *some* evidence, courts would not give adequate deference to the fact that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986); *United States v. Hare*, 873 F.2d 796, 798 99 (5th Cir.1989).

Finally, it is well settled that at a detention hearing the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g. United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937 (9th Cir.), *vacated as moot upon defendant's conviction*, 792 F.2d 906 (9th Cir. 1986). The statements of fact herein, which are based on the wiretap and search warrant affidavits sworn to the Court, and a summary of the results of said searches, is presented as such a proffer.

## IV.   INDIVIDUAL DEFENDANT ROLES AND ANALYSIS

The following defendants present particular risks of flight and/or a danger to the community due to their role in the offense, immigration status, criminal history, possession of firearms, or some combination of the above.

//

//

//

U.S. Memo in Support of Detention - 6
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## Villasenor Indictment (CR20-137RAJ)

2

**1.** **Gonzalo VILLASENOR**

3

VILLASENOR is charged with the following 22 crimes:

4

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846

5

6

- Count 2: Distribution of Methamphetamine and Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)

7

- Count 3: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

8

- Count 4: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)

9

10

- Count 5: Distribution of Fentanyl, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)

11

- Count 7: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)

12

13

- Count 10: Distribution of Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

14

15

- Count 11: Distribution of Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

16

- Count 14: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

17

18

- Count 15: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

19

20

- Count 16: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)

21

- Count 17: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

22

23

- Count 19: Possession of Methamphetamine and Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)

24

- Count 21: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

25

26

- Count 22: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)

27

- Count 23: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

28

U.S. Memo in Support of Detention - 7
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Count 24: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 25: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 26: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 27: Possession of Methamphetamine, Heroin and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C)

- Count 28: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B

- Count 29: Carrying a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i)

VILLASENOR was the user of two intercepted cell phones. The intercepts revealed that VILLASENOR was the leader of a Drug Trafficking Organization and was personally responsible for distributing large amounts of methamphetamine, heroin and fentanyl in the Western District of Washington.  VILLASENOR was assisted by, and directed the activities of, several individuals, including his girlfriend at the time, Jocelyn LEYVA-CASTELLANOS. On December 20, 2019, VILLASENOR was contacted by investigators shortly after receiving ten kilograms of methamphetamine, which he intended to redistribute locally.   The methamphetamine was seized from a large piece of luggage in his car; a loaded semiautomatic firearm was found under the driver's seat next to 1,000 pills containing fentanyl, which he intended to deliver to coconspirator Julius SUPNET later that evening.  This was not the first time VILLASENOR chose to arm himself prior to conducting his drug trafficking activities. On December 5, 2019, he retrieved two firearms, one for himself and one for his associate "Jose", prior to conducting a 10-pound methamphetamine deal with SUPNET.

VILLASENOR does not have any criminal history.

VILLASENOR's citizenship and immigration status is unknown at this time. VILLASENOR has significant family ties in Mexico.  In fact, he returned to Mexico several times during the investigation and later fled to Mexico after his contact with law enforcement

U.S. Memo in Support of Detention - 8
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

on December 20, 2019.  He remained there, with his mother, until finally returning to the United States just weeks prior to his arrest.  Investigators found a small amount of cocaine in VILLASENOR's apartment.

### 2.    Jocelyn LEYVA-CASTELLANOS

LEYVA-CASTELLANOS is charged with the following nine crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846
- Count 2: Distribution of Methamphetamine and Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846
- Count 3: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)
- Count 4: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)
- Count 5: Distribution of Fentanyl, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)
- Count 11: Distribution of Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)
- Count 22: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)
- Count 24: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)
- Count 25: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

LEYVA-CASTELLANOS helped VILLASENOR distribute methamphetamine, heroin and fentanyl throughout the investigation.  LEYVA-CASTELLANOS routinely met with the CS who was working with investigators and consistently met with the DTO's largest redistributors, SUPNET and Bryan POLLESTAD, to deliver large quantities of drugs and to collect cash drug proceeds.  Investigators found a significant amount of cash, a scale and drug ledgers in her apartment.

LEYVA-CASTELLANOS does not have any criminal history.

LEYVA-CASTELLANOS' citizenship and immigration status is unknown at this time.

U.S. Memo in Support of Detention - 9
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 3.   Julio Cesar RAMIREZ-MENESES

RAMIREZ-MENESES is charged with the following five crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846
- Count 6: Distribution of Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)
- Count 8: Count 6: Distribution of Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)
- Count 9: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)
- Count 20: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C)

RAMIREZ-MENESES is a close associate of VILLASENOR and were believed to have shared the same source of supply in Mexico.  RAMIREZ-MENESES distributed large quantities of methamphetamine and heroin, as evidenced by three controlled buys, and was found in possession of pills containing fentanyl and close to three and a half kilograms of methamphetamine when he was arrested in November 2019.  Immediately after his November 2019 arrest, while still with investigators, RAMIREZ-MENESES alerted VILLASENOR that he had been arrested, which led to VILLASENOR and LEYVA-CASTELLANOS to take corrective action.

RAMIREZ-MENESES does not have any criminal history.

RAMIREZ-MENESES' citizenship and immigration status is unknown at this time.

### 4.   Julius B. SUPNET

SUPNET is charged with the following seven crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846
- Count 12: Possession of Heroin and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)
- Count 13: Carrying a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i)

U.S. Memo in Support of Detention - 10
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

- Count 21: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 24: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 25: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 26: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

SUPNET was one of VILLASENOR's largest redistributors who regularly obtained multiple pounds of methamphetamine from VILLASENOR.  Between November 23, 2019 and December 17, 2019, he obtained at least 22 pounds of methamphetamine from VILLASENOR and LEYVA-CASTELLANOS.  As mentioned above, on December 1, 2019 alone, SUPNET obtained ten pounds of methamphetamine from VILLASENOR.  SUPNET also redistributed heroin, and obtained 25 ounces from VILLASENOR, through LEYVA-CASTELLANOS, on November 28, 2019.  SUPNET was also set to receive 1,000 pills containing fentanyl prior to VILLASENOR's arrest on December 20, 2019.

In addition, SUPNET was also involved in a particularly concerning event on September 30, 2019.  That night, a couple called 911 to report that an occupant of black Toyota Tacoma without a front license plate pointed a black handgun at them while driving on Interstate 5. Police located a truck matching the description and conducted a high-risk stop near Burlington. SUPNET was driving; there was also a female passenger in the car. No firearm was located during the search at the scene and the truck was impounded. During a later search of the truck pursuant to a warrant, police recovered a fanny pack on the passenger side floorboard that contained a holster, several large packages of heroin totaling close to pound, and a plastic bag holding 176 pills containing fentanyl. Police also found a loaded, black Glock 20, 10mm handgun, bearing serial number VM498 under the driver's seat. The magazine was loaded with 10 rounds of ammunition. SUPNET was charged with Assault in the Second Degree for this conduct in Skagit County Superior Court and the case is still pending.  This event is also the basis for Counts 12 and 13 in the Villasenor Indictment.

U.S. Memo in Support of Detention - 11
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

SUPNET has one conviction for Assault in the Fourth Degree (2020).

SUPNET is a citizen of the Philippines, but his immigration status is unknown at this time.

5.    Bryan Michael POLLESTAD

POLLESTAD is charged with the following seven crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 846

- Count 22: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)

- Count 23: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 27: Possession of Methamphetamine, Heroin and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C)

- Count 30: Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846

- Count 31: Possession of Methamphetamine, Heroin and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)

- Count 33: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

Like SUPNET, POLLESTAD distributed very large quantities of methamphetamine and heroin, in addition to regularly distributed pills containing fentanyl.  Investigators also discovered, through intercepting POLLESTAD's phones, that he was also obtaining large amounts methamphetamine, heroin and fentanyl from a separate Mexican-based supplier, Omar Peinado.  On November 30, 2019, he obtained seven pounds of methamphetamine, ten ounces of heroin (he actually wanted 25 ounces, but Peinado's runner only had ten), and 500 pills believed to contain fentanyl.  Within minutes of receiving the drugs, investigators believe POLLESTAD redistributed four pounds of methamphetamine, including two pounds to Travis Eugene KEEL. POLLESTAD was arrested shortly thereafter and investigators seized the remaining four pounds of methamphetamine, ten ounces of heroin and 500 pills, in addition to other, smaller amounts of drugs.  Five days later, after his release from custody, POLLESTAD

U.S. Memo in Support of Detention - 12
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

arranged to obtain a kilogram of heroin from Peinado, but the runner, Jesus Isrrael TAPIA-ALVARADO, was arrested by investigators as he approached POLLESTAD's motel room.

POLLESTAD successfully fled from investigators on both November 27, 2019 (car chase and then fled on foot) and December 5, 2019 (burrowed through motel room wall and then fled on foot), and attempted to flee when he was arrested on November 30, 2019.  In addition, firearms and/or firearm parts and ammunition were recovered on each of those occasions.

POLLESTAD also has other federal drug and firearm charges pending in this district before the Honorable Judge Lasnik, and is currently being held in custody at the FDC on that matter.    In that case, POLLESTAD urged an undercover officer to take a hit of methamphetamine during a controlled buy and the UC refused.  POLLESTAD got increasingly anxious and instructed the driver to drive away. Law enforcement stopped the car, arrested POLLESTAD and recovered the drugs, a large amount of cash and a loaded firearm from where POLLESTAD was seated.

POLLESTAD has the following criminal history: Felonies (4) – VUCSA Possession (2016), Taking Motor Vehicle in the Second Degree (2016), Felony Violation of a No Contact Order (2011, 2011); Non-Felonies (19) – Inflict Corporal Injury – Domestic Violence (CA 2011), DUI (2014), Ignition Interlock (2015), Negligent Driving in the First Degree (2015), Physical Control (2006), Hit & Run (2014, 2012), Reckless Driving (2014), Vehicle Prowling in the Second Degree (2011), Violation of a No Contact Order (2011), Assault in the Fourth Degree – Domestic Violence (2003), Possession of Drug Paraphernalia (2018), Obstruction of a Law Enforcement Officer (2018), DWLS1 (2015), DWLS2 (2015), DWLS3 (2015, 2014, 2013), NVOL (2013).

POLLESTAD also was recently arrested for felony drug and firearm charges in June 2019, for rape, kidnapping, assault and unlawful possession of a firearm in November 2019 and felony drug, assault and harassment charges in March 2020, but the dispositions, if any, are unknown.

POLLESTAD is a United States citizen.

U.S. Memo in Support of Detention - 13
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 6. Edgar Efren OLIVAS-ARMENTA

OLIVAS-ARMENTA is charged with the following three crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 846
- Count 14: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)
- Count 18: Possession of Methamphetamine and Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

OLIVAS-ARMENTA regularly obtained five ounces of heroin to redistribute to another individual, referred to as "the Oregano", who is believed to live in Oregon. When "the Oregano" expressed an interested in selling methamphetamine, OLIVAS-ARMENTA was quick to accommodate and acquired a two-ounce sample from VILLASENOR. On that particular occasion, investigators observed OLIVAS-ARMENTA drop off a teenage male, believed to be his son, to retrieve the methamphetamine from VILLASENOR's Hummer.

OLIVAS-ARMENTA appears to have three felony Illegal Reentry convictions (2006, 2007, 2017), as well as non-felony offenses for DUI (AZ 2006), Hit and Run (2000) and DWLS3 (2002). OLIVAS-ARMENTA was also recently arrested for the offense of Assault in the Second Degree in February 2020, but the disposition, if any, is unknown.

OLIVAS-ARMENTA is a citizen of Mexico and ICE has lodged a detainer for him.

### 7. Rozzy Marie MCGEE

MCGEE is charged with the following three crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846
- Count 16: Possession of Methamphetamine and Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)
- Count 19: Possession of Methamphetamine and Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)

MCGEE regularly obtained and redistributed smaller, yet significant, amounts of methamphetamine, heroin and pills believed to contain fentanyl for VILLASENOR.

U.S. Memo in Support of Detention - 14
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

MCGEE has the following criminal history: Felonies (3) – VUCSA Possession of Heroin (2011), Residential Burglary (2006), Unlawful Possession of a Firearm in the Second Degree (2003); Non-Felonies (5) - Reckless Endangerment – Domestic Violence (2011), Attempted Theft in the Second Degree (2009), Theft in the Third Degree (2007), Possession of Marijuana (2012), Possession of Drug Paraphernalia (2012).

MCGEE was also recently arrested on felony drug and theft charges in August 2019 and February 2020, but the dispositions, if any, are unknown.

MCGEE is a United States citizen.

### 8.    Emanuel CAMPOS-PANTOJA

CAMPOS-PANTOJA is charged with the following three crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846
- Count 15: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)
- Count 17: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

CAMPOS-PANTOJA served as an alternate source of supply for heroin to VILLASENOR.  Investigators are aware of two instances in which CAMPOS-PANTOJA supplied VILLASENOR with heroin.  On October 21, 2019, CAMPOS-PANTOJA supplied a kilogram of heroin to VILLASENOR, who immediately turned around and sold it to Anthony Michael SHEPHERD.   About two weeks later, on November 2, 2019, he supplied VILLASENOR with a half-kilogram of heroin.

CAMPOS-PANTOJA does not have any criminal history.

CAMPOS-PANTOJA's citizenship and immigration status is unknown at this time.

### 9.    Francisco Javier CARRILLO

CARRILLO is charged with the following three crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846
- Count 15: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

U.S. Memo in Support of Detention - 15
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Count 17: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

CARRILLO is a close associate of VILLASENOR and would occasionally obtain pills to distribute to his employees.  In addition, CARRILLO served as an intermediary between VILLASENOR and CAMPOS-PANTOA and facilitated both deliveries of heroin discussed above.  When investigators entered his house on September 1, 2020, CARRILLO was gone and his wife is believed to have alerted him of investigator's interest in him.  CARRILLO's wife is also believed to have flushed a significant amount of drugs down the toilet while investigators were conducting a surround and call out.  This belief is based on the presence of drug packaging and a pair of scissors found near a plugged toilet.  Investigators found drug wrappings in the house consistent with 10 to 15 large packages/kilograms of drugs.  Smaller amounts of meth, pills, cocaine (both powder and crack cocaine) were found in the home.

CARRILLO does not have any criminal history.

CARRILLO's citizenship and immigration status is unknown at this time.

**10.    Anthony Michael SHEPHERD**

SHEPHERD is charged with the following two crimes:

- Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846

- Count 15: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

SHEPHERD communicated intermittently with VILLASENOR and, as descried above, obtained a kilogram of heroin from VILLASENOR on October 21, 2019.  After his arrest, on September 1, 2020, investigators found approximately $4,500.  Varying amounts of heroin were located in different places in the home and in SHEPHERD's vehicle, including several ounces in a safe in what appeared to be a roommate's room. Investigators also recovered one firearm from SHEPHERD's residence (a .380 caliber pistol) and two more firearms from his storage unit (a .22 caliber pistol and a 9 mm pistol with an obliterated serial number).

U.S. Memo in Support of Detention - 16
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

SHEPHERD has the following criminal history: Felonies – Attempted Possession of a Controlled Substance with Intent to Distribute (NY 2007), Attempted Possession of a Controlled Substance (NY 2007), Evidence Tampering (NY, 2009), Attempted Possession of a Weapon (NY, 2008), Violation of a No Contact Order (NY, 2011); Non-Felonies - Dangerous Weapon Violation (2017), Contempt of Court (2012), Possession of Drug Paraphernalia (2017), Theft in the Third Degree (2019, 2017), Petit Larceny (NY, 2011, 2014), Criminal Trespass in the First Degree (2018, 2017).

SHEPHERD is a United States citizen.

### 11.    Travis Eugene KEEL

KEEL is charged with the following two crimes:

- Count 30: Count 1: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846

- Count 32: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

KEEL is a close associate of POLLESTAD and they engaged in several drug-related conversations. As described above, on November 30, 2019, POLLESTAD arranged to obtain five pounds of methamphetamine, ten ounces of heroin and 500 pills from Peinado's runner. During that time, POLLESTAD also finalized discussions with KEEL and agreed to give KEEL two pounds of methamphetamine. As a result of KEEL's methamphetamine order, POLLESTAD increased his order from five to seven pounds. Then, minutes after obtaining the drugs from Peinado's runner, investigators observed a POLLESTAD meet with KEEL to deliver his two pounds of methamphetamine, consistent with the intercepted phone calls.

KEEL is also the subject of a Seattle Police Department investigation that resulted in his arrest on drug, firearm and explosives charges. KEEL is currently in custody at the Snohomish County Jail awaiting trial on those charges.

KEEL has the following criminal history: Felonies (8) – Attempt to Elude Pursuing Police Officers (2004, 2004, 1991), Possession of Methamphetamine with Intent to Distribute (2004, 2004), Possession of Heroin (1996), Possession of Methamphetamine (1996), Bail Jumping (2004); Non-Felonies (10) – Theft in the Third Degree (2000, 1993), Assault in the

U.S. Memo in Support of Detention - 17
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S. v. Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fourth Degree – Domestic Violence (1998), Disorderly Conduct (2001), DWLS2 (1994), DWLS3 (2003, 2000, 1992, 1988, 1987).

KEEL is a United States citizen.

**12.    Jesus Israel TAPIA-ALVARADO**

TAPIA-ALVARADO is charged with the following two crimes:

- Count 30: Conspiracy to Distribute Methamphetamine, Heroin and Fentanyl, 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846
- Count 33: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

TAPIA-ALVARADO is one of Peinado's runner.  As described above, he was arrested when he arrived to deliver a kilogram of heron to POLLESTAD on December 5, 2019.  During a search of his Bellevue apartment, investigators recovered over $4,700 and an additional 623 grams of heroin.

TAPIA-ALVARADO has one prior immigrations arrest, but does not appear to have any criminal history.

TAPIA-ALVARADO is a citizen of Mexico, but his immigration status is unknown at this time.

**RODRIGUEZ-MORENO Indictment (CR20-136JCC)**

**1.    Laura RODRIGUEZ-MORENO**

RODRIGUEZ-MORENO is charged with the following five crimes:

- Count 1: Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846
- Count 3: Distribution of Methamphetamine and Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C)
- Count 4: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)
- Count 5: Distribution of Fentanyl, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)
- Count 6: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

U.S. Memo in Support of Detention - 18
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

RODRIGUEZ-MORENO and her husband, Jose MORALES-FLORES, distributed large amounts of methamphetamine, heroin and fentanyl out of their restaurant, Fuente de Café, in Lake Stevens, Washington.  They regularly utilized their 18-year-old son Omar ISRAEL-MORALES to further their drug trafficking activities, and were undeterred by their son's arrest in April 2020.  Two firearms and more than $20,000 were seized from her residence after her arrest.

RODRIGUEZ-MORENO does not have any criminal history.

RODRIGUEZ-MORENO is a citizen of Mexico and ICE has lodged a detainer for her. She is believed to have significant ties to Mexico and more than $20,000 was recovered from the family home at the time of her arrest.

### 2.    Jose MORALES-FLORES

RODRIGUEZ-MORENO is charged with the following five crimes:

- Count 1: Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846

- Count 3: Distribution of Methamphetamine and Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C)

- Count 4: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 6: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 7: Possession of Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

As stated above, Jose MORALES-FLORES worked with his wife and his son to distribute large amounts of methamphetamine, heroin and fentanyl.  Prior to the souring of their relationship, MORALES-FLORES worked in conjunction with Abraham Guerrero-Serrano to deliver multiple pounds of methamphetamine to several different individuals.  One of those individuals was Gerardo ARIAS-GARCIA, who received 18 pounds of methamphetamine between May 29, 2020 and June 5, 2020.  As stated above, two firearms and more than $20,000 were seized from his residence.

U.S. Memo in Support of Detention - 19
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

MORALES-FLORES does not have any criminal history.

MORALES-FLORES' citizenship and immigration status is unknown at this time. MORALES-FLORES is believed to have significant ties to Mexico and a large amount of cash was recovered from the family home at the time of his arrest.

### 3.   Omar ISRAEL-MORALES

ISRAEL-MORALES is charged with the following five crimes:

- Count 1: Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846

- Count 2: Possession of Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 4: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 6: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

- Count 7: Possession of Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

ISRAEL-MORALES helped his parents distribute large quantities of drugs. Similar to his father's work with Abraham Guerrero-Serrano, ISRAEL-MORALES also worked with his peer Joaquin GUERRERO-SERRANO and the Mexican source of supply, Omar Peinado, to distribute drugs in the greater King County/Snohomish County area. Furthermore, following in his parent's footsteps, it appeared from the intercepted conversations that ISRAEL-MORALES attempted to acquire drugs of his own to redistribute for himself and branch out from the family business.

ISRAEL-MORALES does not have any criminal history.

ISRAEL-MORALES' citizenship and immigration status is unknown at this time.

### 4.   Joaquin GUERRERO-SERRANO

GUERRERO-SERRANO is charged with the following two crimes:

- Count 1: Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 846

- Count 2: Possession of Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

U.S. Memo in Support of Detention - 20
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Joaquin GUERRERO-SERRANO worked in conjunction with RODRIGUEZ-MORENO, MORALES-FLORES, ISARAEL-MORALES locally, and his brother Abraham Guerrero-Serrano in California and their partner Omar Peinado in Mexico, to distribute methamphetamine, heroin and fentanyl in the Western District of Washington.

GUERRERO-SERRANO appears to have been arrested and removed from the United States in 2012 and 2017, but does not appear to have any criminal history.

GUERRERO-SERRANO is a citizen of Mexico, but his immigration status is unknown at this time.

### 5.    Samantha HERNANDEZ

HERNANDEZ is charged with the following two crimes:

- Count 4: Possession of Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)
- Count 7: Possession of Fentanyl with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

HERNANDEZ obtained large amounts of methamphetamine and pills containing fentanyl to distribute to others.  Intercepted conversations and images from her phone established that she was a pound-level dealer of methamphetamine and regularly obtained 1,500 to 3,000 pills containing fentanyl to redistribute.  Investigators recovered approximately $10,000 at the time of her arrest.

HERNANDEZ has one immigration arrest from 2017, but does not have any criminal history.

HERNANDEZ is a citizen of El Salvador, but her immigration status is unknown at this time.

### Lerma-Jaras Complaint (MJ20-560)

### 1.    Jesus Daniel LERMA-JARAS

LERMA-JARAS is charged with the following eight crimes:

- Count 1: Conspiracy to Distribute Heroin and Methamphetamine, 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846

U.S. Memo in Support of Detention - 21
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

- Count 2: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)

- Count 3: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)

- Count 4: Distribution of Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 5: Possession of Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 6: Possession of a Stolen Firearm, 18 U.S.C. § 922(j) and 924(a)(2)

- Count 10: Distribution of Heroin and Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)

- Count 11: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

LERMA-JARAS and GONZALEZ-TORRES have worked together to distribute large amounts of methamphetamine and heroin since 2018. Two confidential sources (CS) made a series of controlled buys from each defendant. On a couple of occasions, LERMA-JARAS sent GONZALEZ-TORRES to deliver the drugs. Both men were arrested, on separate occasions (LERMA-JARAS in November 2018 and GONZALEZ-TORRES in June 2019) and a large amount of drugs was recovered from each. During the 2018 search of LERMA-JARAS' home, investigators recovered more than a pound of heroin and five firearm, three of which had been reported stolen. At the time of his arrest on September 1, 2020, investigators located four more firearms.

LERMA-JARAS does not have any criminal history.

LERMA-JARAS' citizenship and immigration status is unknown at this time.

### 2.    Lionel GONZALEZ-TORRES

GONZALEZ-TORRES is charged with the following seven crimes:

- Count 1: Conspiracy to Distribute Heroin and Methamphetamine, 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846

U.S. Memo in Support of Detention - 22
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S.* v. *Lerma-Jaras, et al*, MJ20-560;
*U.S.* v. *Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Count 2: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(C)

- Count 7: Distribution of Heroin and Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

- Count 8: Distribution of Heroin and Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)

- Count 9: Possession of Heroin and Methamphetamine with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)

- Count 10: Distribution of Heroin and Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C)

- Count 11: Distribution of Heroin, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

As just stated, GONZALEZ-TORRES has worked with LERMA-JARAS to distribute large amounts of methamphetamine and heroin since 2018.  On June 20, 2019, GONZALEZ-TORRES was arrested on his way to deliver a pound of heroin and an ounce of methamphetamine to a CS.  After recovering those drugs, investigators searched GONZALEZ-TORRES' residence and located approximately two ounces of heroin, three pounds of methamphetamine, some cocaine and $7,540.  After his recent arrest on September 1, 2020, investigators recovered more than a kilogram of heroin from his vehicle and close to another kilogram inside his residence.  They also recovered close to 300 pills suspected to contain fentanyl.

GONZALEZ-TORRES does not have any criminal history.

GONZALEZ-TORRES' citizenship and immigration status is unknown at this time.

### Vizcarra Complaint (MJ20-561)

**1.    Ricardo Barazza VIZCARRA**

BARRAZA VIZCARRA is charged with the following crime:

- Possession of Methamphetamine and Heroin with the Intent to Distribute, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), 841(b)(1)(A)

U.S. Memo in Support of Detention - 23
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S.* v. *Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

On May 31, 2020, investigators observed Jose MORALES-FLORES meet with VIZCARRA  in a parking lot in Kent, Washington.  Based on a series of calls between MORALES-FLORES  and  Abraham  Guerrero-Serrano,  investigators  believed  that MORALES-FLORES was delivering a pound or two of methamphetamine to VIZCARRA. After VIZCARRA's arrest on September 1, 2020, investigators recovered close to 17 kilograms of methamphetamine, close to a kilogram of heroin, some pills believed to contain fentanyl and approximately $50,000 in cash.[3]

VIZCARRA does not have any criminal history.

VIZCARRA's citizenship and immigration status is unknown at this time.

## VI.   CONCLUSION.

For  the  reasons  set  forth  above,  the  government  respectfully  submits  that  these defendants  are  unable  to  overcome  the  presumption  against  detention  that  applies  to  this matter, and should therefore be held at the FDC pending trial.

Dated this 3rd day of September, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Stephen Hobbs*
STEPHEN HOBBS
C. ANDREW COLASURDO
Assistant United States Attorneys
700 Stewart Street, Suite 5200
Seattle, Washington  98101
Phone: 206-553-4301
E-mail: stephen.p.hobbs@usdoj.gov

---

[3] In the Complaint it was alleged that investigators located approximately 20 to 30 pounds of heroin in the basement.  Those packages are now believed to contain methamphetamine instead.

U.S. Memo in Support of Detention - 24
*U.S.* v. *Rodriguez-Moreno, et al*, CR20-136JCC;
*U.S. v. Villasenor, et al*, CR20-137RAJ;  *U.S. v. Lerma-Jaras, et al*, MJ20-560;
*U.S. v. Barraza Vizcarra*, MJ20-561

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970