THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| JESUS DANIEL LERMA-JARAS, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Lionel Gonzalez-Torres' unopposed motion to continue trial until July 12, 2021 (Dkt. No. 32).[1] Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

This case is related to two others, *United States v. Rodriguez-Moreno*, CR20-0136-JCC, and *United States v. Villasenor*, CR20-0137-JCC, which collectively involve more than 20 defendants and, the Government alleges, multiple conspiracies to distribute controlled substances. (*See* Unopposed Motion to Continue Trial at 2, *United States v. Rodriguez-Moreno*, CR20-0136-JCC, Dkt. No. 107 (W.D. Wash. Oct. 16, 2020).) The Government's investigation

---

[1] Although the motion was formally filed on behalf of only Defendant Lionel Gonzalez-Torres and is not signed by counsel for Defendant Jesus Daniel Lerma-Jaras, the motion represents that both Defendants "agree that this continuance is necessary," (Dkt. No. 32 at 3), and both Defendants have filed speedy trial waivers, (*see* Dkt. Nos. 33, 35).

involved hundreds of hours of surveillance, wiretaps of multiple cell phones, more than a dozen controlled buys, at least ten multi-kilo seizures of controlled substances, and searches of several vehicles, residences, and businesses. (*Id.*) The Government has already produced over 10,000 pages of discovery, much of which is in Spanish, which requires defense counsel to work with interpreters. (*Id.* at 3.)

In addition, over the past seven months, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20 each of which the Court incorporates by reference.) Specifically, the pandemic has rendered the Court unable to obtain an adequate spectrum of jurors to represent a fair cross section of the community and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*)

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. Because of the Government's allegation of multiple conspiracies and the volume of evidence, this case is so complex that it is unreasonable to expect adequate preparation for pretrial motions and trial within the current deadlines. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

2. In light of the volume of discovery, the failure to grant a continuance would deny counsel for Defendants reasonable time necessary for effective preparation even if the case were not complex. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

3. The COVID-19 pandemic has rendered the Court unable to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding on the current case schedule impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

//

4. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Holding a trial in compliance with public health guidance presents unique difficulties in this case due to the number of defendants, attorneys, and interpreters that would need to be in the courtroom. Therefore, proceeding with the current trial date would likely be impossible. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court ORDERS:

1. The November 9, 2020 jury trial is CONTINUED until July 12, 2021.
2. The October 8, 2020 pretrial motions deadline is CONTINUED until May 24, 2021.
3. The period from the date of this order until July 12, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 30th day of October 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0146-JCC
PAGE - 3