Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LIONEL GONZALEZ-TORRES,<br><br>　　　　Defendant. | Case No.  20-cr-146-JCC<br><br>SENTENCING MEMORANDUM OF DEFENDANT AND MOTION FOR SENTENCING DEPARTURE<br><br>*Sentencing: October 26, 2021 @ 9:00am* |

Lionel Gonzalez-Torres is a 25-year-old young man suffering from mental health issues brought about by very poor parenting, abandonment, and living with an older brother who was involved in drug dealing (see, *United States v. Edgar Gonzalez, case no. 16-cr-287-JLR)*. In order to support himself and his younger brother, Ernesto (currently serving in the United States Marine Corp), Lionel did what his older brother did – dealt drugs. And

perhaps at least partly as a cry for help, he continued to deal drugs even after his first arrest – on June 20, 2019, at the age of 23 years-old. [Charges were filed in September, 2020.]

Lionel has no prior convictions. He has been on pre-trial release for over 13 months, working full time with an excellent job in construction. He has been evaluated and counseled by Lonnie Kaman, gaining invaluable insights into the nature and causes of his mental health issues. [Two reports from Ms. Kaman have been filed separately, under seal.] Letters from his Aunt, Cindy Rivera, and his younger brother Ernesto, describe in vivid detail Lionel's struggles, his true character, and the recent strides he's made towards finding himself. [Letters of Support attached hereto as Exhibit A.]

Lionel's growth and maturation is also reflected in the U.S. Pre-Trial Services petition, filed on February 17, 2021 (*Dkt. No. 55*), to remove the GPS monitoring condition from his Appearance Bond (*Dkt. No. 54*). The trust of U.S. Pre-Trial Services that is reflected by this petition, and Lionel's model behavior on pre-trial release, reflects his personal growth and maturation since his offense conduct.

HISTORY AND CHARACTERISTICS OF LIONEL GONZALEZ-TORRES

Mr. Gonzalez-Torres grew up in a dysfunctional family that moved frequently. His mother moved back to Mexico when Lionel was 14-years-old, leaving Lionel and his siblings to be "raised" intermittently by his father and other relatives. During his mid-teens, Lionel's father was taken into INS custody and deported to Mexico.

Despite the lack of parenting, Lionel managed to graduate from high school in Nebraska. After graduation, however, Lionel moved too western Washington to live with

his older brother, Edgar; and he lived with Edgar until Edgar's drug dealing arrest in November, 2016.

As documented in the letters from Lionel's brother Ernesto and his Aunt Cindy Rivera, as well as the Evaluation of Lonnie Kaman, the scars of his difficult childhood and adolescence manifested as depression, social anxiety disorder, and a retreat to (and addiction to) video games. And he gave into the temptation of following his older brother's footsteps by supporting himself and his younger brother through drug dealing.

Despite his poor choice to get involved in drug dealing, the letters of support from his brother Ernesto, and his Aunt Cindy Rivera, show that Lionel is a deeply caring, hardworking, thoughtful and honest young man. These positive characteristics are reflected in Lionel helping guide his brother Ernesto to join the U.S. Marine Corp. The letters from both Ernesto and his Aunt Cindy vividly describe how Lionel helped his brother find a better path through service to our country.

Since charges were filed in this case, Lionel has been fully employed with an excellent job in construction. Additionally, he has eagerly participated in a mental health evaluation, explored the root causes of his poor decision making; and he asked to continue counseling with Lonnie Kaman as long as possible. In both her initial and her supplemental reports, Ms. Kaman concludes that, particularly with the benefit of mental health counseling, Lionel is a very low risk to reoffend.

In short, all of Lionel's actions since being charged in this case strongly demonstrated a personal commitment to better himself and avoid re-offense, as well as

the strength of character to get counseling and to work on his social skills that will allow him to continue to grow and mature as a person – and to realize his full potential.

SENTENCING FACTORS AND RECOMMENDATION

The defense requests that this Court consider the following discussion of relevant 18 U.S.C. 3553(a) sentencing factors to impose punishment that is "sufficient but no greater than necessary" based on the effectuate the following purposes of sentencing:

1. Just Punishment and Deterrence.

Sub-sections (a)(2)(A) and (B) direct the Court to consider the seriousness of the offense and the need to deter similar crimes in the future. At the same time, however, sub-section (a)(6) directs the Court to "avoid unwarranted sentencing disparities among defendants . . . found guilty of similar conduct."

Arguably, the nature and extent of Mr. Gonzalez-Torres drug dealing warrants incarceration as punishment for his misconduct. However, we ask that this Court consider that if Mr. Gonzalez-Torres had developed a drug addiction, in addition to his other mental health problems, he would have been an excellent candidate for the DREAM program; and if admitted into that program would have avoided incarceration. Ironically, it is the strength of Lionel's character to avoid drug usage and addiction, that means he is not eligible for a treatment program alternative to incarceration.

2. Protect Public from Defendant.

Sub-section (b)(2)(C) directs the Court to consider whether imprisonment is necessary to protect the public from re-offense by the defendant.

As discussed above, Mr. Gonzalez-Torres is a low risk to reoffend.

3. <u>Provide for Needs of Defendant.</u>

Sub-section (b)(1)(d) directs the Court to consider what sentence best meets the future, rehabilitative needs of the defendant – "needed educational or vocational training, or other correctional treatment."

Lionel Gonzalez-Torres' most important needs are treatment for his social anxiety disorder and for full employment. Incarceration will not address his needs, and will bring him into contact with individuals who may return to drug dealing after release.

RECOMMENDATION

Although in many ways Mr. Gonzalez-Torres and society as a whole may be best served by a sentence of probation, we recognize that the quantity of the drugs involved is substantial, and that his decision to continue drug dealing even after his first arrest (although largely a cry for help) arguably warrant significant punishment. Accordingly, we ask this Court to depart/vary downward and impose a sentence of 24 months incarceration.

RESPECTFULLY SUBMITTED this 19th day of October, 2021,

                                           `s/ Scott J. Engelhard`
                                           SCOTT J. ENGELHARD
                                           WSBA #13963
                                           Attorney for Defendant