The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR20-146JCC |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| LIONEL GONZALES-TORRES, | |
| Defendant. | |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and C. Andrew Colasurdo and Stephen Hobbs, Assistant United States Attorneys for said District, hereby files its Sentencing Memorandum for Lionel GONZALES-TORRES who is convicted of Conspiracy to Distribute Heroin and Methamphetamine (a lesser-included offense of Count 1), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846. The United States respectfully requests the Court sentence GONZALES-TORRES to 60 months of imprisonment and impose a four-year term of supervised release.

//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

## A. Overview of the Investigation

The charges against GONZALEZ-TORRES stem from three related investigations into the drug trafficking activities of LERMA-JARAS and GONZALEZ-TORRES between October 2018 and February 2020, conducted by the Seattle Police Department (SPD), the Snohomish Regional Drug and Gang and Task Force (SRDGTF), the Olympic Peninsula Narcotics Enforcement Team (OPNET), and the Drug Enforcement Administration (DEA):

During this period, two confidential sources (CS) were utilized to make a series of controlled buys from each defendant. Both men were arrested, on separate occasions, during the course of the investigations, and a large amount of drugs were recovered from each. After being released, both men were arrested again on September 1, 2020. Four firearms were recovered from LERMA-JARAS' residence; no drugs were found. On the other hand, investigators recovered more than a kilogram of heroin from GONZALEZ-TORRES' vehicle and close to another kilogram from his residence (pills were also found in GONZALES-TORRES' residence but were not charged).

## B. 2018 Seattle Police Department Investigation into LERMA-JARAS

In late 2018, an SPD confidential source (CS) informed detectives of a Hispanic male, known to him/her as "Primo" and later identified as LERMA-JARAS, who sold large amounts of narcotics. During this investigation, the CS purchased narcotics from one of LERMA-JARAS's runners (W.M.). SRDGTF detectives were also able to identify another one of LERMA-JARAS's runners, GONZALEZ-TORRES.

In October 2018, the CS called SPD detectives to explain that LERMA-JARAS had called him/her and said that he was coming over to see the CS. Detectives were unable to respond to the CS's location to cover the meeting, so detectives advised the CS to call them

---

[1] This factual summary discusses the conduct of both GONZALES-TORRES and co-defendant LERMA-JARAS so the Court can consider the conduct of both defendants under this cause number in context.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

after LERMA-JARAS left.  The CS called back as instructed and advised that he/she just finished meeting with LERMA-JARAS and that LERMA-JARAS said he had several kilograms of heroin with him, but the CS was only shown one kilogram.  The CS stated that LERMA-JARAS gave him/her a sample of the heroin and later turned over that sample (1.5 grams of heroin) to detectives.

Several days later, the CS called and advised that LERMA-JARAS had called and texted him/her from different cellular phone numbers.  Several controlled buys and a large seizure of drugs and guns followed, as described below.

| Date | Operation | Heroin | Meth |
|---|---|---|---|
| 10/25/18 | Controlled Buy - SPD CS | 29.5 g | -- |
| 11/2/18 | Controlled Buy - SPD CS | 50.1 g | -- |
| 11/6/18 | Controlled Buy - SPD CS | -- | 28.5 g |
| 11/26/18 | Uncontrolled Buy - SPD CS | 257.3 g | -- |
| 11/27/18 | Arrest and Search | 473.4 g | 2.3 g |

### 1. October 25, 2018 Controlled Buy (Count 2)

On October 25, 2018, the CS called LERMA-JARAS and ordered an ounce of heroin.  LERMA-JARAS said he was sending one of his runners, who would be driving a black Jeep Cherokee.  Another male then called the CS and advised he would be right there.  Moments later, a male later identified as GONZALEZ-TORRES arrived at the agreed upon meeting location in Everett and provided the CS with an ounce of heroin (29.5 grams).

### 2. November 2, 2018 Controlled Buy (Count 3)

On November 2, 2018, the CS ordered an ounce of heroin and an ounce of methamphetamine from LERMA-JARAS. LERMA-JARAS agreed to meet in Everett. LERMA-JARAS was followed from his residence to the meet location, where a surveillance officer on scene observed LERMA-JARAS approach the CS's vehicle and engage in a discussion prior to removing a package from his pants pocket and handing it to the CS through the open window.  Surveillance officers followed LERMA-JARAS back

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

to his house immediately after the deal. The CS turned over the package received from LERMA-JARAS; it contained close to two ounces of heroin (50.1 grams). The CS explained that LERMA-JARAS had given him/her a larger amount of heroin since he (LERMA-JARAS) only had scraps of methamphetamine left, which LERMA-JARAS said were not good for resale. LERMA-JARAS also told the CS he was getting a shipment of methamphetamine in the next few days and would advise the CS when it arrived.

### 3. November 6, 2018 Controlled Buy (Count 4)

On November 6, 2018, the CS ordered an ounce of methamphetamine from LERMA-JARAS. Surveillance officers positioned outside LERMA-JARAS's residence observed him travel to a storage unit. When the CS called to see how much longer LERMA-JARAS was going to be, LERMA-JARAS explained he could not get the methamphetamine because there was construction blocking the door to the storage unit and he would need another hour or so. An hour later, LERMA-JARAS returned to the storage facility and accessed Unit A1005, which was rented in his name, and drove directly to the meet location in Everett where detectives observed a hand-to-hand exchange with the CS. The methamphetamine weighed 28.5 grams.

### 4. November 26, 2018 Buy (Uncharged)

On November 26, 2018, the CS called detectives to advise that LERMA-JARAS wanted to meet. A detective who happened to be conducting surveillance of LERMA-JARAS, followed LERMA-JARAS from his home and observed him meet with the CS. Due to the timing, however, the detective was unable to search the CS before the meeting. Once LRMA-JARAS left, the CS turned over a large package of heroin (257.3 grams) that he/she received from LERMA-JARAS.

### 5. November 27, 2018 Arrest of LERMA-JARAS (Counts 5 and 6)

On November 27, 2018, detectives executed a search warrant for LERMA-JARAS's residence (11426 3rd Place West, Unit B, Everett, Washington), blue Dodge truck, white Jeep Cherokee and storage unit. LERMA-JARAS and his 20-year-old son were present during the search. Investigators recovered the following items: a bag containing roughly a

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

pound of heroin (473.4 grams), a small bag of methamphetamine (2.3 grams) and cocaine (16.0 grams), five firearms, several digital scales, packaging material, a few drug ledgers and couple of wire transfers receipts. Most of these items were recovered from the garage.[2]



Pound of Heroin            Drug Ledger            Wire Transfer Receipt

### C. 2019 OPNET Investigation into GONZALEZ-TORRES

An individual arrested by OPNET detectives explained that he/she purchased 6 to 20 ounces of heroin and methamphetamine from a young Hispanic male named "Lionel"

---

[2] LERMA-JARAS gave a statement after his arrest, which will not be discussed in this memorandum.

GOVERNMENT'S SENTENCING MEMORANDUM - 5
United States v. Gonzales-Torres, CR20-136JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

and subsequently identified as GONZALEZ-TORRES. The OPNET CS explained to investigators that he/she had been purchasing narcotics from Lionel for about six months and described the purchases in detail. The CS explained he/she would contact Lionel, place the order, and take the ferry from Kingston, Washington, to Edmonds, Washington, to meet Lionel on the Edmonds' side. The CS would try to make the meet quick so he/she could return to Kingston on the same ferry.

Several controlled buys followed, which led to the arrest of GONZALEZ-TORRES and a large seizure of drugs from him and his residence, as described below.

| Date | Event | Heroin | Meth |
|---|---|---|---|
| 5/29/19 | Controlled Buy - OPNET CS | 124.7 g | 58.2 g |
| 6/12/19 | Controlled Buy - OPNET CS | 101.2 g | 28.9 g |
| 6/20/19 | Order Up / Arrest | 405.1 g | 33.9 g |
| | Search of Home | 51.5 g | 1,476.2 g |

### 1.    May 29, 2019 Controlled Buy (Count 7)

On May 28, 2019, the OPNET CS contacted GONZALEZ-TORRES and placed an order for 4.5 ounces of heroin and 2 ounces of methamphetamine. The following day, after traveling on the ferry from Kingston to Edmonds, the CS waited for GONZALEZ-TORRES, who sent the CS a text to inform him/her that he would be arriving in a gold Chevy Malibu. GONZALEZ-TORRES also called the CS in an effort to locate him/her. The body wire worn by the CS captured this call and their subsequent meeting.

About this time, a surveillance officer observed a gold Malibu arrive (registered to GONZALEZ-TORRES). Detectives identified GONZALEZ-TORRES as the driver. The CS entered the passenger side of the Malibu and GONZALEZ-TORRES then drove a short distance and parked along the side of the road. Investigators on the ground and in the air maintained visual contact with the Malibu. During this time, no one approached or contacted the Malibu besides the CS. After several minutes, the Malibu returned to the

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

parking lot and dropped the CS off. Once back in Kingston, the CS turned over the heroin (124.7 grams) and methamphetamine (58.2 grams) to detectives. The CS remained in view of the surveillance officers at all times.

### 2. June 12, 2019 Controlled Buy (Count 8)

On June 11, 2019, the OPNET CS contacted GONZALEZ-TORRES using a new cell number and placed an order for heroin and methamphetamine.

On June 12, 2019, while on the ferry in route to the deal, the CS received a text message from GONZALEZ-TORRES, who advised the CS that he was waiting in the parking lot in a black Mazda sedan. Surveillance officers observed GONZALEZ-TORRES inside a black 2018 Mazda 6 sedan. Upon arriving in Edmonds, the CS entered the Mazda and GONZALEZ-TORRES was overheard telling the CS (who was wearing a body wire), "It's a little stronger than before. It's good." They then confirmed the price, the exchange was made and the CS emerged from the Mazda. The CS turned over the purchased heroin (101.2 grams) and methamphetamine (28.9 gram) to investigators while in Edmonds.

Air support maintained surveillance on GONZALEZ-TORRES, who eventually returned the Mazda to a rental car company and got into a 2005 Jeep Wrangler registered to LERMA-JARAS. Investigators then drove to LERMA-JARAS's residence (11426 3rd Place W, Unit B, Everett, Washington) and observed GONZALEZ TORRES's gold Malibu parked outside. Air support observed the two men in the Jeep go to a storage facility and retrieve a bag from one of the units before arriving back at LERMA-JARAS's residence.

### 3. June 20, 2019 Arrest and Seizure (Count 9)

On June 20, 2019, investigators utilized the OPNET CS to order a pound of heroin and an ounce methamphetamine from GONZALEZ-TORRES, who was arrested in Everett, on his way to the meeting with the CS. Upon being removed from his car, GONZALEZ-TORRES was patted down for weapons and the officer recovered a large bag of heroin (405.1 grams) and methamphetamine (33.9 grams) from his pants pocket. The package of drugs was wrapped in dryer sheets.

GOVERNMENT'S SENTENCING MEMORANDUM - 7
United States v. Gonzales-Torres, CR20-136JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

1    GONZALEZ-TORRES subsequently consented to a search of his Jeep and signed
2 a written consent to search form.  Investigators recovered three phones from the car and
3 one from GONZALEZ-TORRES himself.  When asked where he was taking the drugs, he
4 said someone had dropped them off and he was taking them to someone in Seattle.

5    GONZALEZ-TORRES consented to a search of his Burlington apartment and told
6 investigators they would find around three pounds of methamphetamine, a small amount
7 of heroin and roughly $6,000 in his room. When investigators could not locate the three
8 pounds of methamphetamine, GONZALEZ-TORRES showed them where it was.
9 Ultimately, investigators recovered two large packages of methamphetamine from a
10 backpack (1,392.2 grams), a small package of cocaine on the windowsill (33.9 grams) and
11 a small package of heroin under the mattress (43.1) grams.  In the bathroom was a
12 makeshift packaging station with baggies, gloves, and scales. Three baggies of cocaine (4.1
13 grams, 1.3 grams and 1.1 grams), one additional bag of methamphetamine (84.0 grams)
14 and one additional bag of heroin (8.4 grams), and $7,540 were recovered from the
15 bathroom.






GOVERNMENT'S SENTENCING MEMORANDUM - 8
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

### 4.     GONZALES-TORRES's Statements to Investigators

Investigators transported GONZALEZ-TORRES to the Snohomish County Jail to book him on drug charges.  During the transport, GONZALEZ-TORRES began talking to investigators. When asked if he took precautions due to the increased use of fentanyl, GONZALEZ-TORRES said he used gloves to package the heroin because it is so sticky. When asked about the weights he distributed, GONZALEZ-TORRES explained that it is 25 grams for an ounce of heroin and 28 grams for an ounce of methamphetamine.  When asked how much he would receive for dropping off the heroin and methamphetamine he had on his person. GONZALEZ-TORRES said the drugs were worth around $10,000 and he would receive a few hundred bucks. GONZALEZ-TORRES then explained that he had not been working, needed to pay rent and this was an easy way to make money.

### D.     2019-2020 SPD Investigation into LERMA-JARAS & GONZALEZ-TORRES

In July 2019, an SPD CS received a call from an individual known to him/her as "Isiad", who offered to introduce the CS to a local dealer with the JIMINEZ HERNANDEZ DTO (the subject of an ongoing DEA investigation at that time). Ultimately, as will be described below, the CS eventually reached out to the local dealer, LERMA-JARAS, and arranged to make the following two controlled buys. On both occasions, GONZALEZ-TORRES arrived to deliver the drugs to the CS.

| Date | Event | Heroin | Meth |
|---|---|---|---|
| 7/31/19 | Controlled Buy - SPD CS1 | 25.6 g | 29.4 g |
| 2/13/20 | Controlled Buy - SPD CS1 | 128.4 g | -- |

### 1.     July 31, 2019 Controlled Buy (Count 10)

In late July 2019, the SPD CS received a telephone call from "Isiad", who asked if the CS was still working (engaged in drug trafficking). At the direction of investigators, the CS said he/she was. I siad then told the CS that he would provide the CS with a local contact for drugs.  On July 26, 2019, the CS engaged in an exchange of text messages with the user of the phone, LERMA-JARAS, and arranged to purchase methamphetamine and

GOVERNMENT'S SENTENCING MEMORANDUM - 9
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

heroin. Later, the CS received a phone call from GONZALEZ-TORRES, to coordinate the meeting.

Investigators then followed the CS to the meet location – the parking lot at Key Bank located at 353 NE Northgate Way, Seattle, Washington. At 6:20 p.m., an investigator observed GONZALEZ-TORRES arrive in his gold 2001 Chevy Malibu. After parking near the CS, GONZALEZ-TORRES got out of his car and entered the CS's truck. The CS and GONZALEZ-TORRES then drove through the Northgate Mall parking lot and were followed by investigators.




After a few minutes, they returned to the Key Bank parking lot and parted ways. The CS turned over the methamphetamine (29.4 grams) and heroin (25.6 grams) to investigators. Other investigators followed GONZALEZ-TORRES back to LERMA-JARAS's Everett residence after the deal.

### 2. February 13, 2020 Controlled Buy (Count 11)

At the end of January 2019, a CS reached out to "Isiad" at the direction of detectives in an effort to obtain LERMA-JARAS's new phone number. Isiad said he would pass the CS's number along. After a few more conversations, during which CS and Isiad discussed drug prices and quantities, the CS began receiving text messages from LERMA-JARAS. The CS and LERMA-JARAS discussed drug transactions and pricing. LERMA-JARAS said he would put him in touch with an individual named "Ricardo" who would complete

GOVERNMENT'S SENTENCING MEMORANDUM - 10
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

the transactions. Eventually, GONZALES-TORRES (using the name "Ricardo") and the CS communicated directly.

After a failed attempt at a controlled buy on February 1, 2019, investigators successfully utilized the CS to purchase a quarter pound of heroin from GONZALEZ-TORRES on February 13, 2020. The arrangements for the deal were made with "Ricardo" (GONZALEZ-TORRES). Once the arrangements were made, investigators provided the CS with the buy money and followed him/her to the agreed upon meet location (a QFC parking lot at 1531 NE 145th Street, Seattle). Once there, an investigator observed GONZALEZ-TORRES waiting in the QFC parking lot inside his gold Malibu. Once the CS arrived, GONZALEZ-TORRES got out of his car and accessed both the engine compartment and passenger compartment and was observed holding items in his hands. While that was going on, the CS got into the driver's seat of the Malibu before returning to his/her own vehicle and leaving. The CS then met with investigators and turned over a package of heroin (128.4 grams), which the CS explained GONZALEZ-TORRES instructed him/her to retrieve from under the driver's seat of his vehicle.

  

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 11
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

3.     **September 1, 2020 Takedown Arrests and Searches (Count 12)**

Investigators arrested both men on September 1, 2020. During the search of LERMA-JARAS' residence investigators recovered four firearms and parts of another. They were located in various parts of the home and two of them were wrapped in cellophane. No drugs were recovered from the residence.






Over one kilogram of heroin was recovered from GONZALES-TORRES' Malibu – the same Malibu he drove to several of the controlled buys – and close to another pound of heroin was in various locations within his home. Investigators also found pills suspected to contain fentanyl in the residence.

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 12
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

 

(Heroin found in Malibu)

  

(Heroin under bathroom sink)　　(Heroin) (Heroin in hallway closet)

 

(Heroin in bedroom cabinet)　　(Pills found in dresser drawer)

### E. GONZALES-TORRES' Guilty Plea

On September 1, 2020, GONZALES-TORRES was arrested and charged by complaint. Dkt. 1 & 12. He was release don bond on September 9, 2020. Dkt. 19.

GOVERNMENT'S SENTENCING MEMORANDUM - 13
United States v. Gonzales-Torres, CR20-136JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

On September 9, 2020, the grand jury returned a 12-count Indictment against GONZALES-TORRES and LERMA-JARAS. Dkt. 21. GONZALES-TORRES was charged with the drug conspiracy at the A-Level in Count 1 and with several substantive drugs charges (Counts 2, 7, 8, 9, 10, 11 and 12), stemming from the controlled buys and narcotics deliveries discussed above.

On July 16, 2021, GONZALES-TORRES entered a guilty plea to Conspiracy to Distribute a Controlled Substance, a lesser-included offense of that charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846. Dkt. 71. Included with his plea was a statement of facts that described his involvement in the drug conspiracy. *Id.* at ¶ 8. In the plea agreement, the United States agreed to recommend a sentence of no greater than 60 months and GONZALES-TORRES was free to make any sentence recommendation he believed appropriate. *Id.* at ¶ 11.

## II. STATUTORY PENALTIES

Conspiracy to Distribute Controlled Substances (Count 1), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846, is punishable by a term of imprisonment up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least 3 years, and a mandatory special assessment of $100.

## III. SENTENCING GUIDELINES

### A. Offense Level

Consistent with the terms of the Plea Agreement and Probation Officer's independent assessment, the United States believes GONZALES-TORRES' total offense level under the Sentencing Guidelines is 39, as calculated below:

| Base Offense Level | 32 | USSG 2D1.1(c)(4) | Amount of Drugs |
|---|---|---|---|
| | -2 | USSG 2D1.1(b)(17) | Eligible |
| | -3 | USSG 3E1.1 | Acceptance of Responsibility |
| Total Offense Level | 27 | | |

PSR ¶¶ 40-50; see also Plea Agreement ¶ 9 (Dkt. 71).

GOVERNMENT'S SENTENCING MEMORANDUM - 14
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

B. **Criminal History Category**

GONZALES-TORRES has no prior criminal convictions and is therefore Criminal History Category I. PSR ¶¶ 51-53.

C. **Guidelines Range**

Based on a total offense level of 27 and Criminal History Category I, GONZALES-TORRES' Guidelines range is 70 to 87 months. No mandatory minimum term applies. PSR ¶¶ 95-96.

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The United States respectfully requests that the Court sentence GONZALES-TORRES to 60 months of imprisonment, followed by a three-year term of supervised release. The government submits this sentence is appropriate in light of "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C).

A. **Nature and Circumstances, and Seriousness of the Offenses**

GONZALES-TORRES was a participant in a conspiracy that distributed significant quantities of methamphetamine and heroin and was also in possession of pills (likely containing fentanyl) which he would presumably distribute as well. It is particularly concerning that GONZALES-TORRES engaged in this conduct after his older brother received a federal sentence for narcotics trafficking. PSR ¶¶ 65. Finally, as the Probation Officer has noted, GONZALES-TORRES conduct was not driven by his own drug addiction or financial need:

> Mr. Gonzalez-Torres did not have a substance abuse problem. He was not selling drugs or supplying drugs to feed an addiction. He has held consistent employment and is more than adequately able to take care of himself. It's hard to reconcile his actions in this offense given his background. His involvement was not something he had to do, but something he chose to do. Surprisingly, despite the negative impact of Mr. Gonzalez-Torres' brother's

GOVERNMENT'S SENTENCING MEMORANDUM - 15
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

federal prison sentence, the defendant elected to become involved in drug distribution.

USPOL Recommendation, p. 3.

### B. GONZALES-TORRES' History and Characteristics

On a positive note, GONZALES-TORRES has no prior convictions. PSR ¶¶ 51-55.

GONZALES-TORRES was born in the United States and has lived in this country since he was about four years old. His parent separated when he was about thirteen years old and, later, when he was about 18 years old, he had to assume responsibility for caring for his younger brother (who is now in the Marines). While difficult, his upbringing does not present anything like the extreme levels of poverty or abuse sometime seen in other cases that come before this Court. PSR ¶¶ 57-72.

GONZALES-TORRES denies any substance abuse issues. PSR ¶ 81.

GONZALES-TORRES has no ongoing health issues. PSR ¶ 73-74.

GONZALES-TORRES, per treatment provider Lonnie Kaimen, GONZALES-TORRES suffers from anxiety and depression. It is unclear if this is a formal diagnosis. PSR ¶¶ 76-80.

GONZALES-TORRES graduated from High School in 2015. He speaks both Spanish and English. PSR ¶¶ 82-84.

GONZALES-TORRES has a significant history of employment, working in various construction trades. PSR ¶¶ 85-90.

### C. Government's proposed sentence: 60 months.

GONZALES-TORRES' Sentencing Guidelines range is 70 to 87 months. The government submits that a below Guidelines-range sentence of 60 months is appropriate. In reaching this sentence, the government has attempted to balance the following factors:

Most basically, GONZALES-TORRES was involved in delivering significant quantities of narcotics. Of particular concern is that after being arrested in June of 2019 with a large quantity of drugs on his person and in his residence, GONZALES-TORRES

GOVERNMENT'S SENTENCING MEMORANDUM - 16
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

returned to narcotics trafficking and again continued to deliver narcotics and was again caught with a significant quantity of drugs in his residence.

The government acknowledges that GONZALES-TORRES' upbringing was not easy and that he lacked appropriate parental guidance. However, unlike many other defendants who come before the Court, GONZALES-TORRES grew up in the United States, with all of the significant benefits that entails. GONZALES-TORRES has graduated from High School and has shown that he can work and hold meaningful jobs over long stretches of time. GONZALES-TORRES has had far more opportunities than many other defendants who are caught up in narcotics trafficking and yet he nevertheless continued to engage in the distribution of narcotics. As the Probation Officer notes, it is hard to view his actions as anything other than a considered decision to engage in criminal activity.

The government recognizes that the conditions of confinement imposed by the COVID-19 pandemic are relevant to the sentence to be imposed and has taken that factor into account in it sentence recommendation.

Finally, in seeking a fair and appropriate sentence in this case, the government has sought to provide GONZALES-TORRES with a number of significant breaks. GONZALES-TORRES was allowed to plead to a B-Level offense (down from an A-Level offense) and it was understood that there would likely be no mandatory minimum term imposed. The government agreed to cap its recommendation at 60 months, well below the Sentencing Guidelines Range. In doing so, the government has allowed GONZALES-TORRES to argue for any sentence he believes is appropriate and given the Court significant latitude to determine an appropriate sentence. In essence, the government's sentence recommendation has gone from a mandatory minimum sentence of ten years to a recommendation of zero to 60 months. Nevertheless, in viewing GONZALES-TORRES' conduct in its entirety – including his repeated delivery of narcotics over an extended period of time and his return to drug dealing after his initial arrest -- the government submits that a 60-month sentence is appropriate.

GOVERNMENT'S SENTENCING MEMORANDUM - 17
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

## V. CONCLUSION

For the reasons set forth above, the United States recommends that this Court sentence GONZALES-TORRES to 60 months of imprisonment, followed by three years of supervised release. In light of GONZALES-TORRES good conduct while on pre-trial release, the government does not object to his reporting to the Bureau of Prisons on the date designated by the Probation Office.

DATED this 19th day of October, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Stephen Hobbs*
C. ANDREW COLASURDO
STEPHEN HOBBS
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone: (206) 553-4075
E-mail: andy.colasurdo@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 18
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/Karen Wolgamuth*
KAREN WOLGAMUTH
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5050
FAX: (206) 553-4440
E-mail: karen.wolgamuth@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 19
*United States v. Gonzales-Torres, CR20-136JCC*

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 522
SEATTLE, WASHINGTON 98101
(253) 428-3800